# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

SCOTT CULBERTSON and ROBIN
CULBERTSON,
                          Plaintiffs,

vs.                                                    Case No. 2:16-CV-02297-CM-GLR

GREAT WOLF LODGE OF KANSAS CITY,
LLC, GREAT WOLF RESORTS, INC.,
PROSLIDE TECHNOLOGY, INC., MATT
LAWRENCE, JOHN DOE SUPERVISORS,
JOHN DOE LIFEGUARDS,
                          Defendants.

## DEFENDANT PROSLIDE TECHNOLOGY, INC.'S
## RESPONSE TO PETITION FOR DAMAGES

COMES NOW Defendant, ProSlide Technology, Inc., by and through its attorneys, Rasmussen, Willis, Dickey & Moore, and for its Answer to the Petition for Damages filed by Plaintiffs, Scott Culbertson and Robin Culbertson, states the following:

1.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

2.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

3.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

4.      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

5.      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

6.      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

7.      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

8.      Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

9.      This defendant admits the allegations contained in Paragraph 9 of plaintiffs' Petition.

10.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 10.

11.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

12.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

13.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

## JURISDICTION AND VENUE

14.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 14.  Further responding, this defendant admits that it has transacted business in Kansas.

15.     This defendant admits the allegations contained in Paragraph 15 of plaintiffs' Petition.

## ALLEGATIONS

16.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

17.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

18.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

19.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

20.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

21.     This Defendant admits that it manufactures, assembles and sells certain components of waterslides to be used in waterparks.

22.     This Defendant admits that it designed, manufactured and sold certain components of the Triple Twist waterslide located at the waterpark.

23.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 23.

24.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 24.

25.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 25.

26.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 26.

27.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

28.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

29.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

30.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

31.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

32.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 32.

33.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 33.

34.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 34; further answering this defendant denies that any conduct on its part was a direct approximate result of any alleged injuries sustained by plaintiff, Scott Culbertson, and denies each and every allegation therein.

35.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 35; further answering this defendant denies that any conduct on its part was a direct

approximate result of any alleged injuries sustained by plaintiff, Scott Culbertson, and denies each and every allegation therein.

36.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 36; further answering this defendant denies that any conduct on its part was a direct approximate result of any alleged injuries sustained by plaintiff, Scott Culbertson, including the loss of income and future earning capacity and denies each and every allegation therein.

37.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 37.

## NEGLIGENCE
### (Plaintiff Scott Culbertson v. Defendant Great Wolf Lodge)

38.     This defendant incorporates responses to all preceding and following paragraphs as though fully set forth herein.

39-44. This defendant states that the allegations contained in Paragraphs 39 – 44 are not directed to it so therefore no response is required thereto; to the extent that the aforementioned paragraphs impute any allegations of liability as to ProSlide, such allegations are denied.

## PREMISES LIABILITY
### (Plaintiff Scott Culbertson v. Defendant Great Wolf Lodge
### and Defendant Supervisor and Defendant Lifeguard)

45.     This defendant incorporates responses to all preceding and following paragraphs as though fully set forth herein.

46-56. This defendant states that the allegations contained in Paragraphs 46 – 56 are not directed to it so therefore no response is required thereto; to the extent that the aforementioned paragraphs impute any allegations of liability as to ProSlide, such allegations are denied.

**RES IPSA LOQUITOR**
**(Plaintiff Scott Culbertson v. Defendant Great Wolf Lodge**
**and Defendant Supervisor and Defendant Lifeguard)**

57.     This defendant incorporates responses to all preceding and following paragraphs as though fully set forth herein.

58-65.  This defendant states that the allegations contained in Paragraphs 58 − 65 are not directed to it so therefore no response is required thereto; to the extent that the aforementioned paragraphs impute any allegations of liability as to ProSlide, such allegations are denied.

**NEGLIGENCE**
**(Plaintiff Scott Culbertson v. Defendant Supervisor and Defendant Lifeguard)**

66.     This defendant incorporates responses to all preceding and following paragraphs as though fully set forth herein.

67-72.  This defendant states that the allegations contained in Paragraphs 67 − 72 are not directed to it so therefore no response is required thereto; to the extent that the aforementioned paragraphs impute any allegations of liability as to ProSlide, such allegations are denied.

**STRICT LIABILITY**
**(Plaintiff Scott Culbertson v. Defendant ProSlide)**

73.     This defendant incorporates responses to all preceding and following paragraphs as though fully set forth herein.

74.     This defendant admits that it designed and manufactured certain components of the Triple Twist waterslide.

75.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 75.

76.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 76.

77.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 77.

78.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 78.

79.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 79.

80.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 80, including sub-paragraphs (a), (b), (c), (d), (e), and (f) and further responding this defendant denies each and every allegation set forth in Paragraph 80.

81.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 81.

82.     This defendant admits the allegations contained in Paragraph 82 of plaintiffs' petition.

83.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 83.

84.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 84.

85.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 85.

86.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 86; further responding, this defendant denies that its alleged conduct was a direct or proximate result of any of the alleged damages as allegedly sustained by plaintiffs as described

8

in Paragraphs 32 and 37 of this petition; further responding this defendant denies each and every allegation contained in Paragraph 86.

## NEGLIGENCE
### (Plaintiff Scott Culbertson v. Defendant ProSlide)

87.     This defendant incorporates responses to all preceding and following paragraphs as though fully set forth herein.

88.     This defendant admits that it had certain duties to use ordinary care in the design and manufacture of the Triple Twist slide; this defendant denies that it breached any such duties; further responding, this defendant denies the remaining allegations as set forth in Paragraph 88.

89.     This defendant admits it had certain duties imposed by law; further responding this defendant denies that any such duties were breached at any time; further responding, this defendant denies certain allegations contained in Paragraph 89.

90.     This defendant admits it had certain duties imposed by law and further responds that at no time did it breach any of its duties; further responding, this defendant denies certain allegations contained in Paragraph 90.

91.     This defendant denies the averments of fact and/or conclusions of law set forth in Paragraph 91.

92.     This defendant admits it had certain duties imposed by law; but denies that it breached any such duties at any time; further responding, this defendant denies certain allegations contained in Paragraph 92.

93.     This defendant denies the averments of fact and/or conclusions of law set forth in Paragraph 93.

94.     This defendant denies the averments of fact and/or conclusions of law set forth in Paragraph 94.

95.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 95, including sub-paragraphs (a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l) and further responding this defendant denies each and every allegation set forth in Paragraph 95.

96.     This defendant denies the averments of fact and or conclusions of law set forth in Paragraph 96; further responding, this defendant denies that its alleged conduct was a direct or proximate result of any of the alleged damages as allegedly sustained by plaintiffs as described in Paragraphs 32 and 37 of this petition; further responding this defendant denies each and every allegation contained in Paragraph 96.

## LOSS OF CONSORTIUM
### (Plaintiff Scott Culbertson and Plaintiff Robin Culbertson v. All Defendants)

97.     This defendant incorporates responses to all preceding and following paragraphs as though fully set forth herein.

98.     Defendant lacks knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, neither admits nor denies same, and leaves plaintiffs to their proofs. As to any conclusions of law, this defendant specifically denies such allegations.

99.     This defendant denies the averments of fact and/or conclusions of law set forth in Paragraph 99; further responding this defendant denies that its conduct was a direct or proximate result of any alleged damages sustained by plaintiff, Robin Culbertson; and further responding this defendant denies each and every allegation contained in Paragraph 99.

WHEREFORE, plaintiffs are not entitled to a judgment against this defendant, ProSlide Technology, Inc. in a sum in excess of Seventy Five Thousand and no/100 ($75,000.00) Dollars; nor any amount whatsoever; nor are plaintiffs entitled to any relief whatsoever as to this defendant, ProSlide Technology, Inc.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Defendant asserts the Statute of Limitations as a defense, including but not limited to K.S.A. 60-513.

### THIRD SEPARATE DEFENSE

Plaintiffs' claims, if any, are barred by the principles of waiver and/or disclaimer of liability.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims, if any, are barred by the doctrine of estoppel.

### FIFTH SEPARATE DEFENSE

No act or failure to act on the part of answering defendant was the proximate cause of any harm to plaintiffs herein.

### SIXTH SEPARATE DEFENSE

Plaintiffs' claims, if any, are barred by the doctrine and/or defense of intervening and/or superseding cause.

### SEVENTH SEPARATE DEFENSE

No act or failure to act on the part of answering defendant was the cause, in whole or in part, of any damages and/or losses sustained by plaintiff herein.

### EIGHTH SEPARATE DEFENSE

If plaintiff suffered damages and/or losses as alleged, then answering defendant reserves the right to assert that plaintiffs failed to mitigate those damages and/or losses.

### NINTH SEPARATE DEFENSE

Defendant asserts set-off as a defense.

### TENTH SEPARATE DEFENSE

Defendant asserts release as a defense.

## ELEVENTH SEPARATE DEFENSE

The Court lacks jurisdiction over the person of this defendant by reason of insufficiency of process and reserves the right to move at or before trial for a dismissal of the Complaint on the ground of lack of jurisdiction because of insufficiency of process and/or service.

## TWELFTH SEPARATE DEFENSE

The Court lacks in personam jurisdiction over this defendant, and this defendant reserves the right to quash service of the Summons and Complaint.

## THIRTEENTH SEPARATE DEFENSE

This accident resulted from circumstances and conditions beyond the control of this defendant.

## FOURTEENTH SEPARATE DEFENSE

The incident and injuries complained of were caused by unauthorized, unintended, or improper use of the product complained of.

## FIFTEENTH SEPARATE DEFENSE

Defendant asserts that its liability, if any, is limited to those parts or components of the product, if any, which is manufactured, sold or distributed.

## SIXTEENTH SEPARATE DEFENSE

Answering defendant asserts unforeseeable use as a defense.

## SEVENTEENTH SEPARATE DEFENSE

Answering defendant asserts that the product and/or its components were used beyond their useful safe life, pursuant to K.S.A. 60-3303.

## EIGHTEENTH SEPARATE DEFENSE

The plaintiff's claims are barred by the Entire Controversy Doctrine.

## NINETEENTH SEPARATE DEFENSE

Answering defendant neither made nor breached any warranty to plaintiff herein.

## TWENTIETH SEPARATE DEFENSE

Answering defendant asserts that the product and/or its components were, at the time of manufacture, in compliance with legislative regulatory standards, administrative regulatory safety standards, and/or industry standards relating to design, performance, warnings or instructions, and therefore were not defective pursuant to K.S.A. 60-3304.

## TWENTY-FIRST SEPARATE DEFENSE

If plaintiff was injured as alleged in the Complaint, which allegations of injury are expressly denied, then answering defendant asserts pursuant to K.S.A. 44-1607(a) that plaintiff, by his participation in using the product in question, accepted the risks inherent in such participation of which an ordinary prudent person should be aware, and therefore plaintiff is barred from recovery.

## TWENTY-SECOND SEPARATE DEFENSE

If plaintiff was injured as alleged in the Complaint, which allegations of injury are expressly denied, then answering defendant asserts that any such risk, danger, or hazard was patent, open or obvious to an ordinary user of the type of product at issue, and therefore plaintiff is barred from recovery pursuant to K.S.A. 60-3305.

## TWENTY-THIRD SEPARATE DEFENSE

If plaintiff was injured as alleged in the Complaint, which allegations of injury are expressly denied, then answering defendant asserts that any such risk, danger, or hazard was particularly known to plaintiff given plaintiff's particular training, experience, education or special knowledge, and therefore plaintiff is barred from recovery.

## TWENTY-FOURTH SEPARATE DEFENSE

If plaintiff was injured as alleged in the Complaint, which allegations of injury are expressly denied, then answering defendant asserts that plaintiff breached his duties under K.S.A. 44-1607(b), and therefore plaintiff is barred from recovery.

## TWENTY-FIFTH SEPARATE DEFENSE

If plaintiff was injured as alleged in the Complaint, which allegations of injury are expressly denied, the percentage of plaintiff's causal fault exceeds fifty percent, and therefore plaintiff is barred from recovery pursuant to K.S.A. 60-258a.

## TWENTY-SIXTH SEPARATE DEFENSE

Any amount recoverable by plaintiff in this action should be subject to the limitations of K.S.A. 60-19a02.

## TWENTY-SEVENTH SEPARATE DEFENSE

Answering defendant reserves the right to assert at trial any and all defenses revealed through discovery.

## JURY DEMAND

Trial by jury is herewith demanded as to all issues herein.

Respectfully submitted,

**RASMUSSEN, WILLIS, DICKEY & MOORE**


/s/ *Patrick D. Murphy*
Patrick D. Murphy, KS #21416
Christopher B. Turney, KS #21117
Vincent E. Gunter, KS #20120
Michael D. Moss, KS #22624
9200 Ward Parkway, Suite 400
Kansas City, MO 64114
Business (816) 960-1611
Fax (816) 960-1669
cturney@rwdmlaw.com
mmoss@rwdmlaw.com
Attorneys for Defendant ProSlide Technology, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2016, the foregoing was filed electronically with the clerk of court using the CM/ECF system which will send an electronic filing copy to all attorneys of record.

/s/ *Patrick D. Murphy*