IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT CULBERTSON and, | ) | |
| ROBIN CULBERTSON | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. 16-2297** |
| | ) | |
| GREAT WOLF LODGE OF KANSAS | ) | |
| CITY, LLC, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiffs originally filed this action in the District Court of Wyandotte County, in Kansas City, Kansas seeking redress for plaintiffs' injuries, damages and losses suffered by plaintiffs when plaintiff Scott Culbertson was allegedly injured at a Great Wolf Lodge.  (Doc. 1, at 1.)  Great Wolf Lodge is a resort featuring a hotel with an indoor waterpark located in Kansas City, Kansas.  The waterpark contains waterslides and tubes that guests can slide down.

After plaintiffs filed suit, defendant Great Wolf Lodge of Kansas City, LLC ("Great Wolf Lodge") removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446.  Defendant's removal of this action is based upon diversity of citizenship pursuant to 28 U.S.C. 1332.  (*Id.* at 2–3.)  Defendant argues that defendant Matt Lawrence was fraudulently joined and his presence in this case can be disregarded.  (*Id.* at 4–5.)  However, plaintiffs filed a Motion to Remand, and claim that defendant Lawrence was not fraudulently joined and this case cannot be removed to federal court under 28 U.S.C. § 1441(b)(2).  (Doc. 3, at 1–3.)  Defendant Lawrence also filed a motion to dismiss alleging that plaintiffs' petition states no cause of action against him.  (Doc. 4.)

## I.    Factual Background

Plaintiff Scott Culbertson was injured on the Triple Twist waterslide at the Great Wolf Lodge resort located in Kansas City on April 20, 2014.  (Doc. 1-1, 5–6.)  As plaintiff Scott Culbertson and his cousin were sliding down the Triple Twist, the raft they were riding on flew out from under them and plaintiff Scott Culbertson hit his head on the surface of the Triple Twist.  (*Id.* at 6.)

Plaintiffs allege that the Triple Twist has special lighting effects that are harmful to people who are sensitive to light and its manufactured conditions are not reasonably safe for customers of defendants' business.  Plaintiffs claim that as a direct and proximate result of defendants' negligence, plaintiff Scott Culbertson struck his head resulting in severe and permanent injuries both physical and mental in nature.  (*Id.* at 7.)  Plaintiffs claim that plaintiff Scott Culbertson has sustained past medical expenses and loss of income.  He also faces future medical expenses and his future earning capacity has been reduced.  Plaintiffs present claims of negligence, premises liability, res ipsa loquitur, strict product liability, and loss of consortium against defendants. (Doc. 1-1.)  Plaintiffs seek damages in excess of $75,000.  (*Id.* at 25.)

## II.    Legal Standards

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and each defendant is a resident of a different state than each plaintiff.  28 U.S.C. § 1332(a); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  However, "[r]emoval jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity

is available only if none of the defendants is a citizen of the state in which the action is brought." *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006); *see also* 28 U.S.C. § 1441(b) (providing that an action based on anything other than original jurisdiction is only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Because this is a court of limited jurisdiction, the court must refrain from exercising jurisdiction unless it is certain that such jurisdiction has been granted by Congress. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate."). The removing defendant carries the burden of demonstrating that removal was proper and that the federal court has original jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986). It is well-settled that the presumption is against removal jurisdiction. *Coca-Cola Bottling of Emporia, Inc. v. S. Beach Beverage Co.*, 198 F. Supp. 2d 1280, 1285 (D. Kan. 2002). Doubtful cases must be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

## III.   Analysis

To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (quoting *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006)). Complete diversity is not met when any of the plaintiffs has the same residency as even a single defendant. *Id.*

Plaintiffs are citizens and residents of Stanton, Iowa. (Doc. 1-1, at 2.) Defendant Great Wolf Resorts, Inc. ("Great Wolf Resorts") is the parent company of defendant and a corporation organized under the laws of Delaware with its principal place of business in Wisconsin. (Doc. 1, at 3.) Defendant is a limited liability company established under the laws of Delaware with its principal place of business in Kansas. However, defendant is a citizen of Wisconsin because its sole member, GWR Operating Partnership, LLP, is a citizen of Wisconsin. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) (noting that Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association, such as an LLC, for purposes of diversity, federal courts must include all the entities' members). Defendant ProSlide Technology, Inc. is a corporation organized under the laws of Canada with its principal place of business in Ontario Canada. (*Id*. at 4.) Defendant Lawrence is a citizen and resident of Kansas.

The citizenships and residencies of each party are not in dispute. Plaintiffs are residents of Iowa. (Doc. 1-1, at 2.) Defendants are residents of Wisconsin, Canada, Delaware, Kansas or currently unknown. (*Id*. at 2–4.) No plaintiff resides or has citizenship in Wisconsin, Canada, Delaware or Kansas. Therefore, it appears that all adverse parties involved have complete diversity of citizenship. Plaintiffs seek damages in excess of $75,000 and the requirements for jurisdiction under 28 U.S.C. § 1332(a) are met. (*Id*. at 25.)

### A.  Forum defendant rule

For proper removal of a civil action to federal court, none of the parties in interest properly joined and served as defendants can be a citizen of the state in which the action is brought, here Kansas. *See* 28 U.S.C. § 1441(b)(2). "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*.

This is known as the "forum defendant rule" and provides a separate requirement for proper removal. *Durbin v. Yellow Transp.*, 624 F. Supp. 2d 1303, 1304 (D. Kan. 2009).

Defendant Lawrence is a resident of Kansas and the action was brought in Kansas.  Removal is not allowed under 28 U.S.C. § 1441(b)(2).  However, defendant Great Wolf Lodge claims that defendant Lawrence was fraudulently joined and his presence in this case can be disregarded.  (Doc. 1, at 4–5.)

Fraudulently joined parties should be ignored for the purposes of assessing whether removal is permitted.  *See Dutcher*, 733 F.3d at 987–88.  To establish fraudulent joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Id.* at 988. Defendant is seeking removal and bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in plaintiffs' favor.  *Id.*

Plaintiffs identify defendant Lawrence as "Defendant Supervisors" in their petition. (Doc. 1-1, at 4.)  They name Defendant Supervisors in their premises liability, res ipsa loquitur, negligence, and loss of consortium claims.  (Doc. 1-1, at 11, 14, 16, 25).  Plaintiffs claim that Defendant Supervisors had control over or the right to control the Triple Twist at the waterpark and owed a duty of reasonable care to maintain the waterpark in a reasonably safe condition.  (*Id.* at 12.)  They allege that Defendant Supervisors were the supervisors responsible for the safe operation of the waterpark.  Plaintiffs claim that Defendant Supervisors knew or should have known that the Triple Twist was unsafe such that it created an unreasonable risk of harm to customers and that he, she, or they failed to warn or take action to protect plaintiff Scott Culbertson from hitting his head while riding the Triple Twist.  (*Id.* at 13.)

Defendant objects to plaintiffs' identification of defendant Lawrence generally as "Defendant Supervisors" along with other "John Doe Supervisors" in their pleadings.  (Doc. 6, at 3.)  Defendant

argues that plaintiffs failed to raise a specific claim against defendant Lawrence personally or allege any facts indicating involvement by defendant Lawrence in the events giving rise to plaintiffs' case.

"Courts have generally recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). Plaintiffs' lack of specific reference to defendant Lawrence in each of its allegations against Defendant Supervisors does not qualify as an outright failure to raise a claim against defendant Lawrence. *Id.*; *see also Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) ("A plaintiff's designation of an unknown defendant as "John Doe" in the original complaint is not a formal defect of the type Rule 15(c)(3) was meant to address."). Instead, it appears that plaintiffs are including defendant Lawrence as one of the supervisors involved because they specifically know of him, yet are not foreclosing the possibility of other supervisors who might also have exercised some degree of control and involvement. Plaintiffs' petition sufficiently identifies defendant Lawrence as an individual defendant because they link his conduct along with other Defendant Supervisors' conduct to their specific injuries. (Doc. 3-1, at 4, 12–13.)

### B.  Existence of a duty of care

Defendant claims that defendant Lawrence did not owe a duty of care to plaintiffs. (Doc. 6, at 3–4.) The parties cite Kansas substantive law and the court agrees that it applies to plaintiffs' claims. (Docs. 3 and 6, at 3.)

In order to establish liability for negligence against defendant Lawrence, plaintiffs must show: (1) he owed a duty to plaintiffs; (2) the duty was breached; (3) the breach was the proximate cause of the plaintiffs' injuries; and (4) plaintiffs sustained damages. *Wagoner v. Dollar Gen. Corp.*, 955 F. Supp. 2d 1220, 1224 (D. Kan. 2013). In a claim for premises liability, an owner or operator of a place

of business that is open to the public owes a duty to visitors to use reasonable care, under all of the circumstances, in keeping the business place safe. *Id.* The owner or operator of the business must warn visitors of any dangerous condition that the owner or operator knows about or should know about if the owner or operator had exercised reasonable care in tending to the business. *Id.* "Before an owner or operator of a business can be found liable for an injury to a business visitor that resulted from a dangerous condition, it must be determined that the owner or operator had actual knowledge of the condition, or that the condition had existed for such a length of time that in the exercise of reasonable care, the owner or operator should have known of the condition." *Id.*

The issue then, is whether defendant Lawrence owed a duty of care to plaintiffs. "The threshold question in any negligence action is whether the defendant owed a duty of care to the plaintiff." *Stewart v. NationaLease of Kansas City, Inc.*, 920 F. Supp. 1188, 1194 (D. Kan. 1996). If no duty is owed to plaintiffs, then there can be no negligence with respect to defendant Lawrence. *Id.*

In support of their motion to remand, plaintiffs referenced portions of defendant Lawrence's deposition testimony from *Vincent Brenneman, et al. v. Great Wolf Lodge of Kansas City, LLC et al.*, Case No. 15-CV-683. (Doc. 3-2.) In his deposition, defendant Lawrence testified that he was the general manager of the Great Wolf Lodge hotel at the Kansas City location. (Doc. 3-2, at 3.) He explained that the director of aquatics reported to him and was responsible for the operation of the waterpark. Defendant Lawrence agreed that his role as general manager was to oversee that all of the people beneath him were performing the functions that they were employed to do in their assigned areas. He explained that the directors of aquatics and maintenance would handle all issues with respect to operation of the waterslides. (*Id.* at 4–5.) Defendant Lawrence believed that his position as general manager allowed him to stop or limit operation of a slide until a problem concerning safety was corrected. (*Id.* at 5.)

In its response, defendant Great Wolf Lodge claims that plaintiffs failed to show the existence of a duty between defendant Lawrence and plaintiffs such that a "special relationship" exists.  (Doc. 6, at 3–4.)  Defendant states that plaintiffs misrepresented and misconstrued the deposition testimony from defendant Lawrence, which was taken from an unrelated lawsuit in a separate case, in an effort to establish a duty.  Defendant claims that "[t]he Director of Aquatics, who is responsible for the waterpark operations, does not report to Defendant Lawrence, and thus does not impose a duty upon Defendant Lawrence as General Manager."  (Doc. 6, at 4.)  Defendant cites defendant Lawrence's deposition testimony in support.

The court agrees that defendant Lawrence's deposition indicates that the director of aquatics is responsible for the operations of the waterpark and he testified that as general manager, he was not responsible for waterpark operation.  (Doc. 6-1, at 5.)  But contrary to defendant's position, defendant Lawrence agreed that at the time he was the general manager at the Great Wolf Lodge in Kansas City, Kansas, the director of aquatics reported to him as general manager.  (*Id.* at 4.)  While defendant Lawrence might not have been in charge of the day-to-day operations of the waterpark, he was ultimately responsible for the director of aquatics who reported to him.

Plaintiffs appear to be using defendant Lawrence's position as the general manager of the Great Wolf Lodge to establish a duty.  (Doc. 3, at 3.)  Kansas law recognizes a "special relationship" between an innkeeper and its guests.  *Gardin v. Emporia Hotels, Inc.*, 61 P.3d 732, 736 (Kan. Ct. App. 2003).  "The Restatement (Second) of Torts § 314A(2) (1964) states an innkeeper is under a duty to take reasonable action to protect its guests from unreasonable risk of physical harm and to give them first aid."  *Id.*

However, an "innkeeper" is the owner or management company running the hotel as opposed to an individual manager in his personal capacity.  *See Nicholas v. Wyndham Int'l, Inc.*, No. 2001-147,

2007 WL 4201032, at *2–3 (D. V.I. Nov. 13, 2007) (stating that the hotel manager, in his individual capacity, did not owe the duty imposed by section 314A to the Plaintiffs because he was not an innkeeper).  The party that is traditionally held liable as an innkeeper is the owner or management company running the hotel.  *See generally Fabend v. Rosewood Hotels & Resorts, L.L.C.*, 381 F.3d 152 (3d Cir. 2004) (applying an "innkeeper" analysis to a management company that operated a hotel on United States Park land); *Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037 (D. Kan. 2004) (holding Starwood Hotels & Resorts Worldwide, the owner and manager of the hotel, liable under section 314A).

Plaintiffs do not cite any case in which the manager of a hotel was found liable as an innkeeper under section 314A.  Likewise, the court cannot find any case that imposes liability on a manager of a hotel under section 314A.  Defendant Lawrence was not the owner of the Great Wolf Lodge in Kansas City and does not owe an innkeeper's duty of care to plaintiffs.

Defendant claims that defendant Lawrence cannot be liable under premises liability or res ipsa loquitur because he never had control of the property owned by defendants or any control over the operations and/or maintenance of the waterpark.  (Doc. 5, at 5.)  Kansas courts follow the Restatement (Second) of Torts, which states that a possessor of land is one "who is in occupation of the land with the intent to control it."  Restatement (Second) of Torts § 328E(a) (1965).  "'To hold a defendant liable for failure to keep premises in a reasonably safe condition, the defendant must be the owner, occupier, or possessor of the premises.'"  *Gragg v. Wichita State Univ.*, 934 P.2d 121, 130 (Kan. 1997) (quoting *Miller v. Zep Mfg. Co.*, 815 P.2d 506 (Kan. 1991)).  Ownership, occupation or possession plus control generally must be shown as a basis for liability on the part of an owner or occupant of premises for injuries resulting from the condition of the premises.  *Wagoner*, 955 F. Supp. 2d at 1227.  "The liability of an occupant of real estate for injuries caused by a dangerous or defective condition of the

premises depends generally upon his control of the property, whether or not he has title thereto and whether or not he has a superior right to possession of property which is in the possession and control of another." *Gragg*, 934 P.2d at 130.

Plaintiffs have not cited any authority suggesting that a general manager, without title or legal right to possess the premises, personally owes invitees or customers of his employer a duty of care. The court has found no Kansas cases imposing a duty of care on a general manager without title or legal right to the property or premises. Plaintiffs' citations to defendant Lawrence's testimony about his responsibility as the general manager support their claim that he had some control over the waterpark. However, a general responsibility is not enough. Under Kansas law, there must be ownership, occupancy, or possession of the property plus control to generate the duty of care for potential harms on the property.

Corporations or companies, such as defendants, can only act through its individual employees. *See generally Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837 (E. D. Tex. 2008) (recognizing that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation). Merely being an officer or agent of a corporation does not render the employee personally liable for a tortious act of the corporation. *Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 409 (10th Cir. 1958). "Specific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation." *Id.* Furthermore, the doctrine of res ipsa loquitur is not implicated when the instrumentality causing damage to the plaintiff is not within the exclusive control of the defendant. *Jetcraft Corp. v. FlightSafety Int'l, Inc.*, 781 F. Supp. 687, 695 (D. Kan. 1991).

Plaintiffs do not allege in their petition that defendant Lawrence owed them an independent duty of care outside that of defendants' duty.  Nor do they allege any specific acts on the part of defendant Lawrence which constitutes affirmative direction, sanction, participation, or cooperation in the alleged tortious acts of defendants.  In addition, defendant Lawrence testified that the directors of aquatics and maintenance were in charge of the day-to-day operations of the waterpark.  (Doc. 6-1, at 5.)

Defendant Great Wolf Lodge has met its burden to show that plaintiff could not establish a cause of action against defendant Lawrence in state court and that defendant Lawrence's joinder is therefore improper.  Defendant Lawrence owed no duty to plaintiffs and consequently, cannot be liable for plaintiffs' injuries.  Defendant is also correct that defendant Lawrence cannot be liable under the doctrine of res ipsa loquitur because he did not have exclusive control over the waterpark and Triple Twist.

Plaintiffs fail to state claims against defendant Lawrence for negligence, premises liability, or res ipsa loquitur in their petition.  There is no possibility of recovery under Kansas law for the claims alleged against defendant Lawrence.  The court finds that defendant Lawrence was fraudulently joined and removal to federal court was proper under 28 U.S.C. §§ 1441 and 1446.

Defendant Lawrence has also filed a motion to dismiss alleging that plaintiffs' petition states no cause of action against him.  (Doc. 4.)  Because the court has found that plaintiffs' petition does not state a claim for which relief may be granted against defendant Lawrence in his personal capacity, his motion to dismiss is granted.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. 3) is denied. The court has jurisdiction over plaintiffs' claims and removal to this court is proper under 28 U.S.C. §§ 1441 and 1446.

**IT IS FURTHER ORDERED** that defendant Lawrence's Motion to Dismiss of Separate Defendant Matt Lawrence (Doc. 4) is granted.  Plaintiffs' claims raised in their petition against defendant Lawrence are dismissed.

Dated this 18th day of November, 2016, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**