IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT CULBERTSON,

    **Plaintiff,**

v.

GREAT WOLF LODGE OF KANSAS CITY, LLC, et. al,

    **Defendants.**

Case No. 16-CV-2297-CM-GLR

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Strike Defendants' Experts (ECF 59).[1] Plaintiff originally asked the Court to strike the following expert witnesses: Wallace James, Steven Arndt, Steve McKinzie, Robert Cargill, Ray Smegal, Rick Hunter, and Allan Grimes. After discussion among the parties, Plaintiff agreed to withdraw the motion to strike as it relates to Wallace James, Steven Arndt, and Steve McKinzie.[2] The Court now considers Plaintiff's motion as it relates to Robert Cargill, Ray Smegal, Rick Hunter, and Allan Grimes.[3] For the reasons set forth below, the Court denies the motion without prejudice.

**I.    Relevant Procedural Background**

The parties jointly requested and were granted revisions to the scheduling order.[4] Under the revised scheduling order, Plaintiff's experts were to be disclosed by November 28, 2017, and Defendants' experts were to be disclosed by January 29, 2018. The deadline for completion of

---

[1] Subsequent to the filing of the motion, Plaintiff Robin Culbertson was dismissed, leaving Scott Culbertson as the only remaining plaintiff. *See* ECF 88.

[2] ECF 78.

[3] The retained expert witness at issue, Mr. Cargill, was only designated by Defendant ProSlide Technology, Inc.

[4] ECF 28.

discovery was April 24, 2018. Motions challenging admissibility of expert testimony were to be filed by May 29, 2018.

On April 5, 2018, Plaintiff filed the present motion, arguing Mr. Cargill was a retained expert required to submit a written report and failed to do so. Plaintiff further argued that although Mr. Smegal, Mr. Hunter, and Mr. Grimes were non-retained experts who were not required to submit a report, Defendants failed to provide the subject matter on which the witnesses are expected to testify or a summary of the facts and opinions to which they are expected to testify as required by Fed. R. Civ. P. 26(a)(2)(c).

On April 6, 2018, Defendant ProSlide Technology, Inc. (ProSlide) served supplemental exhibits to its expert witness disclosure, namely a written report from Mr. Cargill.[5] In its response to the pending motion, ProSlide said though it timely disclosed Mr. Cargill as an expert witness, Mr. Cargill did not prepare a written report until later, and the report was served on all the parties on April 6, 2018.[6] ProSlide also incorrectly alleged that Plaintiff wanted Mr. Smegal, Mr. Hunter, and Mr. Grimes to submit written reports though not required to under Fed. R. Civ. P. 26. ProSlide failed to address Plaintiff's actual argument that it did not provide the subject matter on which these witnesses are expected to testify or a summary of the facts and opinions to which they are expected to testify. Defendants Great Wolf Lodge of Kansas City, LLC and Great Wolf Resorts, Inc. (the Great Wolf Defendants) did not address the three non-retained experts in their response.[7]

---

[5] ECF 67.
[6] ECF 75 at 4.
[7] ECF 72.

## II. Analysis

Federal Rule of Civil Procedure 26(a)(2) discusses requirements for disclosure of expert testimony. It splits expert witnesses into two categories: witnesses who must provide a written report, and witnesses who do not provide a written report. A witness must provide a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony."[8] Thus, an expert witness who is not retained or specially employed is not required to provide a written report. His or her disclosure must instead state the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify.[9]

If a party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[10] In determining whether a Rule 26(a) violation is harmless, the Court considers the following factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"[11] The burden to establish that a failure was harmless is on the party who failed to make the required disclosure.[12]

---

[8] Fed. R. Civ. P. 26(a)(2)(B).

[9] Fed. R. Civ. P. 26(a)(2)(C).

[10] Fed. R. Civ. P. 37(c)(1).

[11] *Allenbrand v. Louisville Ladder Group, LLC*, No. 05-2511-KHV-GLR, 2006 WL 2663529, at *3 (D. Kan. Sept. 15, 2006) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).

[12] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001) (internal citation omitted).

Defendants here provide no justification for their failure. ProSlide in fact provides no justification at all, simply saying Mr. Cargill "has subsequently prepared a detailed report which has now been served and made available to all parties."[13] This does not explain why Mr. Cargill had not prepared a report when ProSlide's designations were due nearly three months earlier.

Nor is any justification offered for Defendants' failure to comply with Fed. R. Civ. P. 26(a)(2)(C) in regard to the non-retained witnesses. ProSlide focuses its response on explaining why these witnesses are not required to submit a report, though Plaintiff did not argue that they should. The response of Great Wolf Defendants does not even mention these witnesses. The Court considers the above factors to determine if these failures are harmless.

Plaintiff does not argue that he is prejudiced by the delayed report of Mr. Cargill. Plaintiff says only that the "violation of Rule 26(a)(2) is not substantially justified or harmless," but does not explain what the harm is.[14] Although the report was submitted almost three months late, Plaintiff does not contend in his reply memorandum that the report was insufficient or that he is harmed in any way by receiving it late. He has received it seven months before trial.[15] Plaintiff does not allege, nor does the Court find, any bad faith by ProSlide in submitting Mr. Cargill's report late. Accordingly, the Court denies the motion to strike as to the report of Mr. Cargill.

As to the non-retained witnesses, Mr. Smegal, Mr. Hunter, and Mr. Grimes, the Court finds their disclosures are lacking and fail to comply with Fed. R. Civ. P. 26(a)(2)(C). Plaintiff does not explain how he is prejudiced. Because the trial date is still five months away, the Court

---

[13] ECF 75 at 4.

[14] ECF 59 at 8.

[15] *See Allenbrand*, 2006 WL 2663529, at *3 (finding no harm in a deficient report submitted more than five months before trial, because five months was sufficient time to submit complete reports and cure the defect).

finds there is sufficient time for Defendants to cure these defects. Therefore, the motion to strike as to Mr. Smegal, Mr. Hunter, and Mr. Grimes is denied without prejudice. Defendants shall supplement their disclosures of Mr. Smegal, Mr. Hunter, and Mr. Grimes in accordance with Fed. R. Civ. P. 26(a)(2)(C) within ten (10) days of the date of this order. The supplemented disclosures must include the subject matter on which each witness is expected to present evidence and a summary of the facts and opinions to which each witness is expected to testify.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion to Strike Defendants' Experts (ECF 59) is denied without prejudice. Defendants shall supplement their disclosures regarding Mr. Smegal, Mr. Hunter, and Mr. Grimes to comply with Fed. R. Civ. P. 26(a)(2)(C) within ten (10) days of this order.

**IT IS SO ORDERED.**

Dated July 5, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge