**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SCOTT CULBERTSON and, )
ROBIN CULBERTSON )
                                        )
     Plaintiffs, )
                                        )
     v. )         Case No. 16-2297
                                        )
GREAT WOLF LODGE OF KANSAS )
CITY, LLC, et al., )
                                        )
     Defendants. )
                                        )

## MEMORANDUM AND ORDER

This matter comes before the court upon plaintiffs Scott and Robin Culbertson's Amended Motion to Enforce Settlement (Doc. 111). Also before the court is defendant Proslide Technology, Inc.'s Motion to Exclude Admissibility of Expert Testimony (Doc. 92). Plaintiffs filed this case in Wyandotte County District Court bringing various tort claims. The factual allegations involve an incident where plaintiff Scott Culberston sustained injuries on the Triple Twist water slide at the Great Wolf Lodge Water Park in Wyandotte County, Kansas. Defendants removed this case to federal court. Plaintiffs now seek to enforce the parties' settlement agreement.

### I. Legal Standard

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (citing *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)). State contract law governs issues of contract formation and construction—including whether a binding settlement agreement exists. *Id.* In this case, the governing state law is Kansas law.

Under Kansas law, settlement agreements need not be in writing to be enforceable. *Lowery v. Cnty. of Riley*, 738 F. Supp. 2d 1159, 1168 (D. Kan. 2010) (citing *Lewis v. Gilbert*, 785 P.2d 1367 (Kan. App. 1990)). A binding agreement requires a meeting of the minds on all essential terms. *Id.* (citing *Augusta Bank & Tr. v. Broomfield*, 643 P.2d 100 Kan. 1982)). If there is conflicting evidence on the parties' intent, including whether the parties intended to enter into a binding agreement, there is a factual issue for the trier of fact to determine. *Id.*

## II. Discussion

The parties agree that on August 2, 2018, the parties agreed to settle this matter. However, at some point between August 2nd and August 27th, the date this motion was filed, the parties disagree about whether their agreement became a binding settlement agreement. As mentioned above, an enforceable settlement agreement requires a meeting of the minds on all essential terms. "To constitute a meeting of the minds there must be a fair understanding between the parties which normally accompanies mutual consent and the evidence must show with reasonable definiteness that the minds of the parties met upon the same matter and agreed upon the terms of the contract." *Steele v. Harrison*, 552 P.2d 957, 962 (Kan. 1976).

The parties agree that they agreed to settle plaintiffs' claims for a confidential sum in exchange for a release of defendants' liability. Plaintiffs claim that they have provided a W-9 and a Release, but that defendants have not requested the funds to pay plaintiffs' settlement as of the date of their motion. Both parties attached correspondence to their briefs.

Plaintiff included the following emails, sent:

- August 2, 2018, attaching a W-9 and directing that the settlement check should be made out to Scott Culberston and plaintiffs' counsels' law firm;

- August 8, 2018, referencing a conference call that day, checking on the status of a draft Release, and asking about the status of the settlement check;

- August 16, 2018, again asking about the status of the Release and settlement check;

-2-

- August 17, 2018, email from defense counsel attaching a proposed settlement agreement and Release, soliciting any edits to the documents;

- August 20, 2018, acknowledging receipt of the Release and settlement agreement drafts, and expressing plaintiffs' counsel's hope that a settlement check had been procured by defendants;

- August 20, 2018, returning plaintiffs' counsel's edits to the proposed Release and settlement agreement;

- August 22, 2018, asking whether plaintiffs' counsel could make his proposed revisions to the documents and have his clients sign them, and asking about the status of the settlement check;

- August 22, 2018, defense counsel's email acknowledging receipt of plaintiffs' proposed changes, explaining that the document was being circulated and that defense counsel was awaiting feedback on the changes;

- August 22, 2018, plaintiffs' counsel wondering when defense counsel might hear back about the documents, and again requesting information about the status of the settlement check;

- August 23, 2018, email from defense counsel explaining that he needed a signed Release from plaintiffs before defendants' insurance carrier would issue a check.

Defendants included the following additional emails, dated:

- August 24, 2018, email from defense counsel attaching a version of the Release and agreement that defendant ProSlide agreed to, explaining that settlement funds had been requested and that defendants expected the funds to be available within a week or so, informing plaintiffs' counsel that counsel for ProSlide had not been copied on some of plaintiffs' counsel's emails requesting and providing information on payment, and ensuring plaintiffs' counsel that they "are working diligently to resolve this matter";

- August 24, 2018, email from plaintiffs' counsel responding: "With all due respect, I doubt John was keeping the info a secret, and I believe my definition of diligently is different that [sic] your clients' definition";

- August 27, 2018, email from defense counsel attaching defendant Great Wolf Lodge's proposed changes to the settlement agreement;

- August 27, 2018, email from plaintiffs' counsel explaining that certain provisions in the agreement were not yet acceptable and needed to be changed, removed, etc.

This correspondence illustrates to the court that although both parties are committed to settlement, and have resolved some of the most important details of that settlement, they are still working towards a meeting of the minds for purposes of contract formation of a final settlement agreement. Both the frequency and content of the emails show that the parties are all diligently working towards settlement. The terms of the settlement agreement and Release were still being negotiated, at least at the time plaintiffs filed this motion. There is not yet a final settlement agreement for the court to enforce.

Regarding the parties' settlement negotiations, and the court's management of its docket, the court will impose a deadline for the parties to file their stipulation of dismissal. By October 12, 2018, the parties shall file their stipulation of dismissal pursuant to Fed. R. Civ. P. 41 or, in the alternative, the parties must file a status report informing the court of the status of their settlement negotiations.

Because the parties agree that this case is settled and they are working on the documents to finalize that settlement, the court finds defendant Proslide Technology, Inc.'s Motion to Exclude Admissibility of Expert Testimony (Doc. 92) should be denied as moot.

**IT IS THEREFORE ORDERED** that plaintiffs' Amended Motion to Enforce Settlement (Doc. 111) is denied without prejudice.

**IT IS FURTHER ORDERED** that defendant Proslide Technology, Inc.'s Motion to Exclude Admissibility of Expert Testimony (Doc. 92) is denied as moot.

**IT IS FURTHER ORDERED** that the parties shall file their stipulation of dismissal, or a status report informing the court of settlement progress in this case, by October 12, 2018.

Dated this 17th day of September, 2018, at Kansas City, Kansas.

                                               s/ Carlos Murguia
                                               **CARLOS MURGUIA**
                                               **United States District Judge**